UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| A.P. b/n/f E.P. and D.P.         § | |
|     Plaintiff,         § | |
| § | |
| v.         § | |
| § | CIVIL ACTION No. 23-358 |
| PEARLAND INDEPENDENT         § | |
| SCHOOL DISTRICT         § | |
|     Defendants,         § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, A.P. ("Student") b/n/f E.P. and D.P. (collectively "Plaintiffs") and files this Original Complaint against Pearland Independent School District ("Pearland," "PISD" "The District" or "The Defendant") , and would show the court as follows:

1.

Jurisdiction and Venue

1.1 This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A). The Court has jurisdiction of this action under the IDEA, 20 U.S.C. § 1415(i)(3)(A).

1.2 Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

2.

The Parties

2.1 A.P. is an individual who is a resident of Brazoria, Texas. A.P. has at all relevant times resided in the Pearland Independent School District. A.P. is presently seventeen years old.

Edgar Pacheco ("E.P.") is A.P.'s father; Diana Pacheco (D.P.) is A.P.'s mother. A.P. and D.P. have capacity to bring this suit as next friend.

2.2    Pearland Independent School District is a public school district in the State of Texas, located in Pearland, Texas in Brazoria County, and is a recipient of federal funds.

2.3    Title VI of the Civil Rights Act provides that "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of ... title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d–7(a)(1).

3.
Nature of the IDEA Claim

3.1    Plaintiff's claims under IDEA are an appeal from the decision of a Special Education Hearing Officer for the State of Texas in Docket No. 002-SE-0922 styled *A.P. b/n/f E.P. and D.P. v. Pearland Independent School District*. All conditions precedent, including the exhaustion of administrative remedies have been performed or have occurred.

3.2    The IDEA statute provides that any party aggrieved by the finding of an administrative hearing may bring a civil action. On July 28, 2023 Special Education Hearing Officer Deborah McElvaney issued an order in favor of Respondent Pearland ISD, denying all of Petitioner's requested relief. Plaintiffs contend that the Hearing Officer's denial of Plaintiff's causes of action and requested relief is erroneous. Plaintiffs seek an order reversing and vacating the hearing officer's decision, and granting Plaintiffs their requested relief.

3.3    When a federal district court reviews a state hearing officer's decision, the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry*

*F.*, 118 F.3d 245, 252 (5th Cir. 1997). Although the district court must accord "due weight" to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence. *Id*. Accordingly, the district court's "review" of a hearing officer's decision is "virtually de novo." *Id.* Indeed, given its adducing of new evidence, even evidence of matters that have occurred since the administrative hearing under review, the district court proceeding under the IDEA is a hybrid, akin to a "trial de novo." *Id.*

4.

Factual Background

4.1   A.P. is presently a seventeen year old student. At all relevant times, Plaintiffs were residents in the Pearland Independent School District. Student attended Pearland ISD for the majority of her educational career including from 7th grade starting in the Fall 2018 semester through the time she was withdrawn during the Spring 2022 semester due to continued decline with no support from the District. The District has failed and refused to identify the Student with a known and/or suspected disability, specifically a learning disability.

4.2   The IDEA provides a comprehensive scheme to ensure that every eligible child is provided a FAPE. This scheme begins with the "Child Find" mandate, which requires each state to identify, locate, and evaluate each resident child with disabilities who is in need of special education and related services. *Id. citing* 20 U.S.C. § 1412(a)(3)(A). A school district must identify, locate, and evaluate students with known or suspected disabilities within a reasonable time after the school district is on notice of facts or behavior likely to indicate a disability.

4.3   There was ample evidence in the record that should have put the District on notice of a suspected disability. The Student failed the STAAR in 2019, her 7th grade year. Student was placed in Response to Intervention (RTI) in her 8th grade year, a program frequently used to

identify students with special needs. However the Courts have been consistent that programs such as RTI or 504 cannot be used to delay a Full Individual Evaluation as required by IDEA. As part of the RTI in 8th grade, District Staff noted that she struggled with independent work and struggled in the area of comprehension. (J16). Student received no such support from RTI in high school, and her grades plummeted, which was a clear indication that RTI was insufficient and that the Student needed additional support from special education. Student began accumulating failing grades in high school. Her parents reached out for help but no additional help was forthcoming. The District inappropriately attempted to frame Student's struggles as relating to remote instruction when she was struggling both before, during and after the pandemic. However this was not an excuse not to evaluate as none of the requirements of IDEA were waived by the pandemic and many of the Students most affected by the pandemic and remote instruction were students who needed special education. The District also tried to blame a language barrier as an excuse for its failure to evaluate despite the fact that Student is a native English speaker who speaks perfect English. Ultimately, Student failed every core academic class in her 9th grade and 10th grade years, failed the Algebra STAAR multiple times, in addition to failing every subject of the STAAR on her last administration before COVID. Despite the fact that Student was consistently struggling the District failed to initiate a special education evaluation.

    4.4    The District attempted to use attendance issues as a reason they did not refer Arella for a special education evaluation. This was a major mistake on their part. Federal courts have repeatedly cited problems with attendance as a trigger to the Child Find Duty, not a reason to avoid following the Child Find Duty. At hearing, the District repeatedly tried to shift the blame on to Student and her family. The 5th Circuit has made it very clear that IDEA imposes the Child Find obligation upon school districts, not the parents of disabled students or the

disabled student.

4.5     Plaintiffs presented evidence and expert testimony at Hearing which definitively demonstrated that Student should have been eligible for special education with a Specific Learning Disability in reading comprehension, math computation and math reasoning. The Hearing Officer largely ignored this evidence and instead relied on the District's scapegoating of COVID and on the District's effort to blame the Student and family in denying Plaintiff's Child Find claim.

4.6     The Hearing Officer's decision did not follow federal precedent regarding Child Find and as a result inappropriately denied Student relief. A reasonable *de novo* review of the evidence presented at Hearing will almost necessarily certainly result in the overruling of the Hearing Officer's conclusions.

5.

Claim for Relief : IDEA

5.1     Plaintiffs incorporate and reallege sections 1-4 as if fully incorporated herein.

5.2     Plaintiffs have been denied a Free Appropriate Public Education (FAPE) by Defendant Pearland ISD, in violation of the Individuals with Disabilities Education Act. (IDEA).

5.2     Plaintiffs assert that the Special Education Hearing Officer's (SEHO's) ruling contained both errant findings of fact and conclusions of law and seek *de novo* review of their claims brought pursuant to IDEA. Plaintiffs seek a reversal of the SEHO's Order, and that this Court grant them all relief requested in its administrative due process hearing request, and all such further relief as requested herein, or as deemed necessary to provide the Student with a FAPE.

Prayer for Relief

Wherefore, Plaintiffs pray for relief as set forth below:

    a.    This Court assume jurisdiction over this action;

    b.    Enter an order reversing the decision of the Special Education Officer, finding that the Student was denied a Free Appropriate Public Education and granting all relief requested of the Special Education Officer

    c.    Find that Plaintiff is the prevailing party and that parents are entitled to attorneys fees pursuant to 20 USC § 1415 (i) (3);

    d.    All such and further relief to which Plaintiffs may be entitled as a matter of law and equity.

Dated: October 26, 2023

    /s/ Jordan McKnight
    Jordan McKnight

    SBN: 24075586
    P.O. Box 664
    Little Elm, Texas 75068
    Tel:  (903) 271-4696
    Fax:  (972) 408-3432
    jordanmcknightlaw@gmail.com
    *ATTORNEY FOR PLAINTIFFS*